US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AUG 2 2 2014

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

**AMANDA SALES**                                               **PLAINTIFF**

vs.                           Case No. 2:14-cv-2179

**ABF FREIGHT SYSTEM, INC.**                          **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Amanda Sales, by and through her attorneys of the

Sanford Law Firm, PLLC, for her Original Complaint, and in support thereof does

hereby state and allege as follows:

### I.  PRELIMINARY STATEMENTS

1.     Plaintiff Amanda Sales ("Plaintiff") asserts claims under the Fair

Labor Standards Act ("FLSA") and the Arkansas Civil Rights Act ("ACRA")

against Defendant ABF Freight System, Inc. ("Defendant").

2.     Plaintiff worked for Defendant in Arkansas during the relevant time

period, and she was denied her clearly established rights under applicable

federal statutes.

3.     Defendant paid no overtime premium wages whatsoever to Plaintiff.

4.     As a result of the practices of Defendant described herein,

Defendant failed to adequately and lawfully compensate Plaintiff, including

minimum and overtime wages, as required by the FLSA and the implementing regulations thereof.

## II.    JURISDICTION AND VENUE

5.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint above, as if fully set forth herein.

6.    Plaintiff seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 regarding her rights, and Defendant's obligations, under the FLSA.

7.    Plaintiff seeks compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.*

8.    Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

9.    Plaintiff's claims under the ACRA form part of the same case, and rely on the same facts, as the FLSA claims alleged in this complaint.

10.    Therefore, this Court has supplemental jurisdiction over Plaintiff's ACRA claims pursuant to 28 U.S.C. § 1367(a).

11.    Plaintiff worked for Defendant in Arkansas from April of 2013 to May of 2014.

12.    The acts and omissions complained of herein were committed and had a principal effect, as described more fully below, within the Fort Smith Division of the Western District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.    PARTIES

13.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth herein.

14.    Plaintiff is a citizen and resident of Crawford County, Arkansas.

15.    Plaintiff worked as an Accounts Receivable Specialist at Defendant's place of business in Fort Smith, Arkansas, from April of 2013 until May of 2014.

16.    Defendant ABF Freight System, Inc., is an Arkansas for-profit corporation and was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d) for all relevant time periods.

17.    The registered agent for service of process on Defendant is Corporation Service Company, whose address is 300 South Spring Street, Suite 900, Little Rock, Arkansas.

18.    At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

19.    At all relevant times, Defendant employed "employees," including Plaintiff, who have been engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

20.    At all times relevant to this Complaint, Defendant was Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

21.    At all relevant times, Defendant has owned and operated a freight business engaged in interstate commerce and which utilized goods which moved in interstate commerce.

22.    During the relevant time period the annual gross revenues of Defendant exceeded $500,000.00 per annum.

23.    Defendant was at all relevant times engaged in commerce as defined in 29 U.S.C. § 203(r) and § 203(s).

24.    Defendant constitutes an "enterprise" within the meaning of 29 U.S.C. § 203(r)(1), because it performed related activities through common control for a common business purpose.

25.    At relevant times the enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and § 207(a).

26.    At all relevant times, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

27.    At all relevant times herein, Defendant was an "employer" of Plaintiff within the meaning of the ACRA, A.C.A. § 16-123-102.

28.    At all relevant times herein, Plaintiff was an "employee" of Defendant within the meaning of the ACRA, A.C.A. § 16-123-102.

29.    At all relevant times, Defendant employed more than five hundred employees.

## IV.   FACTUAL ALLEGATIONS

### A. FLSA Claims

30.   Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth herein.

31.   As Defendant's employee, Plaintiff typically worked ten (10) or more hours per day, five (5) days per week, or an average of between fifty (50) and fifty-five (55) hours per week that she worked.

32.   Plaintiff was initially paid $13.56 an hour. In approximately November of 2013, her pay increased to $14.06 an hour. In approximately May of 2014, her pay increased to $14.57 an hour.

33.   Defendant was aware that Plaintiff worked more than fifty (50) hours per week because Plaintiff's direct supervisor witnessed Plaintiff working beyond her scheduled work time.

34.   Defendant was aware that Plaintiff worked more than fifty (50) hours per week because Defendant maintained time-stamped electronic records of Plaintiff's work activities.

35.   The latest date by which Defendant could have first become aware that Plaintiff was regularly working overtime hours without pay in or around July of 2013.

36.   Defendant was aware of its obligation to pay Plaintiff overtime wages for all hours worked in excess of forty (40) hours per week, but chose to keep those wages for itself.

37.  In written evaluations, Defendant praised the quality of Plaintiff's work and instructed Plaintiff to maintain her current workload.

38.  Defendant directed Plaintiff to report no more than forty-four (44) hours per week on her time sheets.

39.  Plaintiff is owed overtime wages for all hours in excess of forty (40) in each workweek.

B.  Discrimination Claims

40.  Plaintiff sustained a knee injury in 2010, of which Defendant had notice when Plaintiff became an employee in 2013.

41.  Plaintiff's doctor recommended that Plaintiff exercise her knee throughout the workday.

42.  On or around May 9, 2014, Plaintiff requested permission from Philip Karnes, Director of Revenue Accounting for Defendant, to place an exercise bike beneath her desk to accommodate her knee injury.

43.  The requested accommodation was reasonable.

44.  Mr. Karnes told Plaintiff that he would need to speak to someone in the Human Resources Department before giving her an answer regarding her requested accommodation.

45.  On or around May 12, 2014, Plaintiff's direct supervisor, Brent Moss, began to tease her about her need for the exercise bike. The teasing continued throughout May of 2014.

46.     Plaintiff never received an answer as to whether she could place an exercise bike under her desk per her doctor's suggestion.

47.     On or around May 26, 2014, one of Plaintiff's co-workers reported Mr. Moss's teasing behavior to Mr. Karnes.

48.     On May 28, 2014, Defendant terminated Plaintiff's employment.

49.     Defendant told Plaintiff that she was being terminated because she worked too much unpaid overtime.

50.     On March 27, 2014, Defendant gave Plaintiff a written evaluation that indicated that Plaintiff's performance met or exceeded expectations in all respects.

51.     Plaintiff's March 27, 2014, performance evaluation made no mention of Plaintiff's unpaid overtime.

52.     Plaintiff's March 27, 2014, performance evaluation directed Plaintiff to maintain her current workload without falling behind.

## V.      COUNT ONE: VIOLATION OF THE FLSA

53.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint above, as if fully set forth herein.

54.     29 U.S.C. § 207 requires any enterprise engaged in commerce to pay all employees one and one-half times their regular hourly wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

55.     Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

56.     Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each one-week period.

57.     Defendant's failure to pay Plaintiff all overtime wages owed was willful.

58.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint.

59.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.     COUNT TWO: VIOLATION OF THE ACRA

60.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint above, as if fully set forth herein.

61.     Plaintiff brings this action against Defendant under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, *et seq.* ("Arkansas Civil Rights Act" or "ACRA").

62.     Plaintiff has a disability as that term is defined in the ACRA, A.C.A. § 16-123-102(3). Specifically, Plaintiff has a knee injury that substantially limits one or more major life functions, including but not limited to walking, standing, and lifting.

63.     Defendant, through its agents Phillip Karnes and Brent Moss, discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment due to Plaintiff's disability in violation of A.C.A. § 16-123-107.

64.     Defendant failed to offer or provide any reasonable accommodation to Plaintiff, including, but not limited to, a reduced workload, reduced work hours, redistributing some of the tasks for which Plaintiff was responsible, or a temporary leave of absence.

65.     Defendant created a hostile work environment for Plaintiff by publicly teasing her regarding her disability and her need for accommodation.

66.     Despite Plaintiff's ability to perform the essential functions of her job with reasonable accommodations, Defendant terminated Plaintiff's employment because of her disability on or about May 28, 2014.

67.     The unlawful employment practices complained of in this Section were and are intentional.

68.     As a result of Defendant's violations of the ACRA, Plaintiff is entitled to, and seeks, injunctive relief, compensatory damages, interest, punitive damages, and the costs of litigation, including attorneys' fees.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Amanda Sales respectfully

prays that Defendant ABF Freight System, Inc., be summoned to appear and

answer herein, and for orders as follows:

(A)    For an order of this Honorable Court entering judgment in Plaintiff's favor against Defendant;

(B)    For and order awarding Plaintiff her actual economic damages in an amount to be determined at trial, but in any event an amount not less than that which would compensate her for unpaid back wages;

(C)    A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(D)    Judgment for damages for all unpaid regular wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(E)    Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid regular wages and overtime compensation owed to Plaintiff during the applicable statutory period;

(F)    A declaratory judgment that Defendant violated Plaintiff's rights under the Arkansas Civil Rights Act;

(G)    Judgment awarding Plaintiff her actual economic damages sustained as a result of Defendant's violations of the ACRA;

(H)    Judgment awarding Punitive damages to Plaintiff as provided for by A.C.A. § 16-123-107;

(I)     An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(J)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF AMANDA SALES**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By:     _____
        Steve Rauls
        Ark. Bar No. 2011170
        steve@sanfordlawfirm.com

and     _____
        Josh Sanford
        Ark. Bar No. 2001037
        josh@sanfordlawfirm.com